FILED
CLERK, U.S. DISTRICT COURT

MAR 31 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT OLIVER COOK, | No. CV 08-1584-CAS(CW) |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE SUMMARILY DISMISSED |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondents. | |

Pro se petitioner submitted a document captioned "emergency petition for writ of habeas corpus," which the court lodged on March 3, 2008, and filed on March 7, 2008, construing it as a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner did not use one of the court's form petitions, and his petition is, in many ways, unclear. However, it appears that petitioner in the physical custody of the Sheriff of Los Angeles County pending trial in California Superior Court, and that he is seeking release from custody.

There are two statutes under which a person in state custody may challenge the legality of that custody in federal court. A person who is in custody pursuant to a state court judgment may seek habeas

1

corpus relief under 28 U.S.C. § 2254; a person in state custody under some basis other than a state court judgment may proceed under 28 U.S.C. § 2241.  See <u>Stow v. Murashige</u>, 389 F.3d 880, 886 (9th Cir. 2004); <u>White v. Lambert</u>, 370 F.3d 1002, 1006 (9th Cir. 2004); <u>McNeely v. Blanas</u>, 336 F.3d 822, 824 n.1 (9th Cir. 2003)(<u>citing</u> <u>Braden v. 30th Judicial Cir. Ct. of Kentucky</u>, 410 U.S. 484, 503, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973)(Rehnquist, J., dissenting)).  In either case, the petitioner must state a claim that the challenged custody is in violation of the constitution, laws, or treaties of the United States.  28 U.S.C. §§ 2241(c)(3), 2254(a).  Also, in either case, the petitioner must first exhaust any available state court remedies.[1]

Although the present petition is not fully clear, it appears that petitioner seeks to challenge pre-trial custody, and that his challenge may be brought, if at all, under 28 U.S.C. § 2241.  However, petitioner has not made clear either (a) the grounds on which he claims his custody violates federal law, or (b) whether he has presented his claims to the state courts or has otherwise satisfied the exhaustion requirement.

//
//
//

---

[1] For § 2254 petitions the exhaustion requirement is defined by statute at 28 U.S.C. § 2254(b)-(c).  For § 2241 petitions by persons in state custody there is a common law exhaustion requirement based on principles of federalism and comity.  See, e.g., <u>Braden</u>, 410 U.S. at 490 (exhaustion doctrine is "judicially crafted instrument" reflecting balance between federalism and need to preserve effectiveness of habeas remedy); see also <u>McNeeley</u>, 336 F.3d at 825-26; <u>Carden v. Montana</u>, 626 F.2d 82, 83 (9th Cir. 1980); <u>Pope v. Alameda County Sheriff's Dept.</u>, 2004 WL 231018 (N.D. Cal., Jan. 30, 2004).

**ORDERS:**

Accordingly, it is ordered as follows:

1. On or before April 23, 2008, petitioner shall file a response to this order in which he clearly and briefly explains (a) the nature of the custody he seeks to challenge, (b) the specific grounds under the federal constitution or laws on which he claims his present custody is illegal, and (c) what steps, if any, he has taken to exhaust these claims in the state courts.

2. If petitioner timely complies with this order, the court will issue further orders as appropriate; if not, this action may be subject to dismissal for failure to prosecute or to comply with court orders, as well as for the reasons discussed above.

DATED: March 31, 2008

_Carla M. Woehrle_
CARLA M. WOEHRLE
United States Magistrate Judge